UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN  DIVISION
_____

CELSO ECHAVARRIA,

                    Plaintiff,                          Case No. 1:16-cv-107

v.                                                              Honorable Paul L. Maloney

HEIDI WASHINGTON et al.,

                    Defendants.
_____/

## OPINION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983.

The Court has granted Plaintiff leave to proceed *in forma pauperis*.  Under the Prison Litigation

Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any

prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a

claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such

relief.  28 U.S.C. §§ 1915(e)(2), 1915A.  The Court must read Plaintiff's *pro se* complaint

indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as

true, unless they are clearly irrational or wholly incredible.  *Denton v. Hernandez*, 504 U.S. 25, 33

(1992).  Applying these standards, Plaintiff's action will be dismissed for failure to state a claim.

**Factual Allegations**

Plaintiff currently is incarcerated in the G. Robert Cotton Correctional Facility.  In his *pro se* complaint, Plaintiff sues Michigan Department of Corrections (MDOC) Director Heidi Washington and Parole Board Chairperson Michael Eagan.   Plaintiff is serving a sentence of parolable life imposed by the Wayne County Circuit Court in 1997, after Plaintiff was convicted of possessing over 650 grams of cocaine.  Plaintiff was first considered for parole in 2012, and the parole board denied his parole on August 2, 2012.  Plaintiff appears to claim that an error had been made in scoring the parole guidelines, but refused to follow MDOC Policy Directive 06.05.100(H), which provides:  "Whenever it is determined that an error was made in calculating a prisoner's parole guideline score, the score shall be recalculated by the Case Preparation Unit.  If the prisoner was considered for parole based on the incorrect score, the Parole Board shall reconsider the case." When Plaintiff wrote to Defendant Eagan about the problem, Eagan replied that the information provided would be considered at the time of Plaintiff's next file review in 2017.

Plaintiff also contends that while MICH. COMP. LAWS § 791.246 requires a majority vote of the parole board to grant parole, the statute does not provide that a tie vote should result in the denial of parole.  Plaintiff  argues that it should be the duty of Defendant Washington to cast a deciding vote when there is a tie.

Plaintiff alleges that Defendants failed to properly follow parole review procedures as set forth by Michigan statute, administrative rules and MDOC Policy, in violation of his federal due process rights.  He further claims that his equal protection rights were violated when he was treated differently than Prisoner Clay Hayward, another parolable lifer who was granted parole after he "had his entire parole consideration process redone by Defendant Eagan . . . ." (Compl. ¶5, Ecf No. 1, PageID.7.)  Plaintiff asserts that he does not seek release from prison or a shorter prison

- 2 -

sentence; rather, he is challenging only the parole consideration process as applied in his case.  He

seeks declaratory and injunctive relief, as well as monetary damages.[1]

## Discussion

A complaint may be dismissed for failure to state a claim if it fails "'to give the

defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  *Bell Atl. Corp.*

*v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  While

a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more

than labels and conclusions.  *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements,

do not suffice.").  The court must determine whether the complaint contains "enough facts to state

a claim to relief that is plausible on its face."  *Twombly*, 550 U.S. at 570.  "A claim has facial

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 679.  Although

the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than

a sheer possibility that a defendant has acted unlawfully."  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*,

---

[1]A challenge to the fact or duration of confinement should be brought as a petition for habeas corpus and is not the proper subject of a civil rights action brought pursuant to § 1983.  *See Preiser v. Rodriguez*, 411 U.S. 475, 484, 494 (1973) (the essence of habeas corpus is an attack by a person in custody upon the legality of that custody and the traditional function of the writ is to secure release from illegal custody).  The Supreme Court has held that a state prisoner cannot make a cognizable claim under § 1983 for an alleged unconstitutional conviction or for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid" unless a prisoner shows that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus . . . ."  *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *see also Edwards v. Balisok*, 520 U.S. 641, 646-48 (1997).  However, in *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005), the Supreme Court clarified that §1983 remains available to a state prisoner for procedural challenges where success in the action would not necessarily spell immediate or speedier release for the prisoner.  *See also Thomas v. Eby*, 481 F.3d 434, 439-40 (6th Cir. 2007) (a plaintiff's challenge to parole procedures may proceed under § 1983 because it does not automatically imply a shorter sentence).  Plaintiff does not directly seek release from prison; rather, he seeks only a new discretionary hearing.  As a consequence, under *Wilkinson*, success in this action would not necessarily demonstrate the invalidity of Plaintiff's continued confinement, so his action does not appear to be *Heck*-barred.  *See Wilkinson*, 544 U.S. at 82.  Assuming that Plaintiff's action is cognizable under § 1983, however, it fails to state a claim.

550 U.S. at 556).  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief."  *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009).  Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed.  *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

I.     **Due Process**

Defendants' alleged failure to comply with a State statute, administrative rules or policy does not itself rise to the level of a constitutional violation.  *Laney v. Farley*, 501 F.3d 577, 581 n.2 (6th Cir. 2007); *Brody v. City of Mason*, 250 F.3d 432, 437 (6th Cir. 2001); *Smith v. Freland*, 954 F.2d 343, 347-48 (6th Cir. 1992); *Barber v. City of Salem*, 953 F.2d 232, 240 (6th Cir. 1992); *McVeigh v. Bartlett*, No. 94-23347, 1995 WL 236687, at *1 (6th Cir. Apr. 21, 1995) (failure to follow policy directive does not rise to the level of a constitutional violation because policy directive does not create a protectible liberty interest).  Section 1983 is addressed to remedying violations of federal law, not state law.  *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 924 (1982); *Laney*, 501 F.3d at 580.  In this case, Plaintiff contends that Defendants' failure to properly follow State parole procedures violated his federal due process rights.

To establish a procedural due process violation, a plaintiff must prove that (1) he was deprived of a protected liberty or property interest, and (2) such deprivation occurred without the requisite due process of law. *Club Italia Soccer & Sports Org., Inc. v. Charter Twp. of Shelby*, 470 F.3d 286, 296 (6th Cir. 2006); *see also Swihart v. Wilkinson,* 209 F. App'x 456, 458 (6th Cir. 2006). Plaintiff fails to raise a claim of constitutional magnitude because he has no liberty interest in being released on parole. There is no constitutional or inherent right to be conditionally released before the expiration of a prison sentence. *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979). Although a state may establish a parole system, it has no duty to do so; thus, the presence of a parole system by itself does not give rise to a constitutionally protected liberty interest in parole release. *Id.* at 7, 11; *Bd. of Pardons v. Allen*, 482 U.S. 369, 373 (1987). Rather, a liberty interest is present only if state law entitles an inmate to release on parole. *Inmates of Orient Corr. Inst. v. Ohio State Adult Parole Auth.*, 929 F.2d 233, 235 (6th Cir. 1991).

In *Sweeton v. Brown*, 27 F.3d 1162, 1164-65 (6th Cir. 1994) (en banc), the Sixth Circuit, noting "the broad powers of the Michigan authorities to deny parole," held that the Michigan system does not create a liberty interest in parole. The Sixth Circuit reiterated the continuing validity of *Sweeton* in *Crump v. Lafler*, 657 F.3d 393, 404 (6th Cir. 2011). In *Crump*, the court held that the adoption of specific parole guidelines since *Sweeton* does not lead to the conclusion that parole release is mandated upon reaching a high probability of parole. *See id.*; *see also Carnes v. Engler*, 76 F. App'x 79, 80 (6th Cir. 2003). In addition, the Sixth Circuit has rejected the argument that the Due Process Clause is implicated when changes to parole procedures and practices have resulted in incarcerations that exceed the subjective expectation of the sentencing judge. *See Foster v. Booker*, 595 F.3d 353, 369 (6th Cir. 2010). Finally, the Michigan Supreme Court has recognized that there

exists no liberty interest in parole under the Michigan system.  *Glover v. Mich. Parole Bd.*, 596

N.W.2d 598, 603-04 (Mich. 1999).

In summary, the Michigan Parole Board's failure to consider or reconsider Plaintiff

for parole implicates no federal right.  In the absence of a liberty interest, Plaintiff fails to state a

claim for a violation of his procedural due process rights.

II.     **Equal Protection**

Petitioner further argues that he was deprived of his right to equal protection when

he was denied parole while another similarly situated prisoner was granted parole.  The Equal

Protection Clause of the Fourteenth Amendment provides that a state may not "deny to any person

within its jurisdiction the equal protection of the laws."  U.S. Const., amend XIV; *City of Cleburne*

*v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985).  The Equal Protection Clause does not forbid all

classifications, but simply prevents governmental decision makers from treating differently persons

who are similarly situated in all relevant respects.  *City of Cleburne*, 473 U.S. at 439; *F.S. Royster*

*Guano Co. v. Virginia*, 253 U.S. 412, 415 (1920); *Richland Bookmart, Inc. v. Nichols*, 278 F.3d 570,

574 (6th Cir. 2002) (the Equal Protection Clause "protects against arbitrary classifications, and

requires that similarly situated persons be treated equally").

"Strict scrutiny of an alleged equal protection violation is only employed if the

classification at issue discriminates on the basis of a suspect criterion or impinges upon a

fundamental right."  *Hadix v. Johnson*, 230 F.3d 840, 843 (6th Cir. 2000).  A fundamental right is

not at issue in this case because there is no constitutional right to release on parole.  *See Sweeton*,

27 F.3d at 1164–65.  Further, Petitioner does not indicate that he was treated differently on the basis

of race or other suspect classification.  *See City of Cleburne*, 473 U.S. at 440.  Moreover, prisoners

are not a suspect class.  *Wilson v. Yaklich*, 148 F.3d 596, 604 (6th Cir. 1998).  Thus, in order to prove

- 6 -

his equal protection claim, Plaintiff must demonstrate "intentional and arbitrary discrimination" by the state; that is, he must demonstrate that he "has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000).  Further, the Court's determination in this case must be made in light of the constant admonition by the Supreme Court that the problems of prison administration are peculiarly for resolution by prison authorities and their resolution should be accorded deference by the courts. *See Washington v. Harper*, 494 U.S. 210, 223–24 (1990); *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 349 (1987); *Turner v. Safley*, 482 U.S. 78, 84–96 (1987); *Bell v. Wolfish*, 441 U.S. 520, 547 (1979).

"To satisfy this threshold inquiry, [the plaintiff] must allege that [the plaintiff] and other individuals who were treated differently were similarly situated *in all material respects*." *JDC Mgmt., LLC v. Reich*, 644 F. Supp. 2d 905, 926 (W.D. Mich. 2009) (citing *Taylor Acquisitions, LLC v. City of Taylor*, 313 F. App'x 826, 836 (6th Cir. 2009) (citing *TriHealth, Inc. v. Bd. of Comm'rs of Hamilton Cty., Ohio*, 430 F.3d 783, 790 (6th Cir. 2005))) (emphasis in original).  Plaintiff's factual allegations surrounding his equal protection claim are difficult to follow, but he appears to claim that he was denied recalculation of his parole guideline score and reconsideration for parole under Policy Directive 06.05.100(H), while Prisoner Clay Hayward, another prisoner with a parolable life sentence, was given reconsideration and granted parole.  Plaintiff, however, fails to identify the convictions for which Prisoner Hayward was imprisoned, his prior criminal record, or his conduct while incarcerated.  Plaintiff also does not claim that Prisoner Hayward was convicted of similar crimes as Plaintiff or had a similar prison history as Plaintiff. Consequently, Plaintiff's claim fails because he has not alleged that Prisoner Hayward was similarly situated to him "in all respects that are material to the parole assessment." *Rice v. Mich. Parole Bd.*, No. 1:05–cv–549,

2008 WL 5156760, *7 (W.D. Mich. Dec. 9, 2008) (Bell, J.) (citing *Barker v. Conerly*, No. Civ. 05CV74408DT, 2006 WL 305643 at *3 (E.D. Mich. Feb. 9. 2006). Accordingly, Plaintiff has not established that Prisoner Hayward was similarly situated to Plaintiff in all material respects.

Even if Plaintiff satisfied the threshold inquiry for similarly situated individuals, he must still demonstrate that the Michigan Parole Board's decision was not rationally related to a legitimate government purpose. "Under rational basis scrutiny, government action amounts to a constitutional violation only if it 'is so unrelated to the achievement of any combination of legitimate purposes that the court can only conclude that the government's actions were irrational.'" *Club Italia Soccer & Sports Org., Inc.*, 470 F.3d at 298 (quoting *Warren v. City of Athens, Ohio*, 411 F.3d 697, 710 (6th Cir. 2004)). The plaintiff bears the burden of demonstrating that the government lacks a rational basis, and he may satisfy this burden either by negating "'every conceivable basis which might support the government action, or by demonstrating that the challenged government action was motivated by animus or ill-will.'" *Id*. (quoting *Warren*, 411 F.3d at 711). Where there are "plausible reasons" for the state's action, a court's inquiry is at an end; "[i]t is, of course, 'constitutionally irrelevant whether this reasoning in fact underlay the ... decision[.]'" *U.S. R.R. Ret. Bd. v. Fritz*, 449 U.S. 166, 179 (1980) (quoting *Flemming v. Nestor*, 363 U.S. 603, 612 (1960)).

Plaintiff cannot meet his burden of showing that the Michigan Parole Board's decision was irrational. "The purpose of parole is to keep a prisoner in legal custody while permitting him to live beyond the prison enclosure so that he may have an opportunity to show that he can refrain from committing crime." *People v. Gregorczyk*, 443 N.W.2d 816, 821 (Mich. Ct. App. 1989) (citation omitted). Protection of public safety is a stated purpose of Michigan's parole statutes. *Hopkins v. Mich. Parole Bd.*, 604 N.W.2d 686, 689 (Mich. Ct. App. 1999) ("First and foremost, [the Michigan Parole Board] may not grant a prisoner liberty on parole until it 'has

reasonable assurance, after consideration of all of the facts and circumstances, including the prisoner's mental and social attitude, that the prisoner will not become a menace to society or to the public safety'") (quoting Mich. Comp. LAWS § 791.233(1)(a)).   The protection of public safety clearly is a legitimate government purposes.  Plaintiff also does not allege that the Michigan Parole Board's actions were motivated by ill-will or animus.  *See Club Italia Soccer & Sports Org., Inc*., 470 F.3d at 298.  Therefore, Plaintiff's equal protection claim must fail.

Moreover, the Supreme Court recently has recognized that rational basis scrutiny is not properly applied to employment decisions and other discretionary decisionmaking:

> There are some forms of state action, however, which by their nature involve discretionary decisionmaking based on a vast array of subjective, individualized assessments.  In such cases the rule that people should be "treated alike, under like circumstances and conditions" is not violated when one person is treated differently from others, because treating like individuals differently is an accepted consequence of the discretion granted.  In such situations, allowing a challenge based on the arbitrary singling out of a particular person would undermine the very discretion that such state officials are entrusted to exercise.

*Engquist v. Oregon Dep't of Agr.*, 553 U.S. 591, 603 (2008).  Parole considerations are the type of discretionary decisions discussed in *Engquist* that typically are "subjective and individualized, resting on a wide array of factors that are difficult to articulate and quantify." *Id*.  Discretion to grant parole is squarely lodged with the Parole Board.  *See Sweeton*, 27 F.3d at 1164-165 (noting the broad authority of the Michigan Parole Board to make discretionary decisions).  Applying *Engquist*, even an arbitrary parole decision would not violate Plaintiff's equal protection rights.

III.   **Motions to Stay**

Plaintiff filed two motions to stay the proceedings in this case (ECF Nos. 8-9) until he receives the results of a parole interview held on January 19, 2016, as they could render this

action moot.  Because Plaintiff's complaint fails to state a claim upon which relief may be granted, his motions will be denied as moot on that ground.

### Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b).  In addition, Plaintiff's motions to stay the proceedings (ECF Nos. 8-9) will be denied.

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3).  *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).  For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal.  Should Plaintiff appeal this decision, the Court will assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $505.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.


Dated:   April 21, 2016                          /s/ Paul L. Maloney
                                                 Paul L. Maloney
                                                 United States District Judge

- 10 -